[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on defendant's post-trial motion for travel expenses pursuant to R.C.P. 30(B). Additionally, defendant seeks assessment of costs against the plaintiff pursuant to R.C.P. 54.
On May 20, 1992 C.I. Hayes, Inc. (hereinafter "defendant") prevailed after a six day jury trial. Defendant now moves this court for an order requiring Lebow Industries Inc. (hereinafter "plaintiff") to reimburse defendant for various costs incurred in the successful defense of the case at bar. Specifically, defendant seeks costs incurred by defendant's counsel in traveling to and lodging in the State of Florida to attend depositions noticed by the plaintiff. Defendant's counsel travelled to Florida on two occasions to attend depositions: September 1991 and January 1992. Furthermore, defendant seeks costs incurred for obtaining deposition transcripts and constable expenses.
On September 11, 1991 and December 18, 1992, respectively, defendant sought an order to compel plaintiff for reimbursement of travel expenses he incurred in traveling to Florida to participate in depositions noticed by the plaintiff. The motion justice ordered that after the jury's verdict the issue of travel expenses along with the motions for assessment of costs against the plaintiff would be addressed by the trial justice. Moreover, the motion justice directed defendant's counsel to keep an accurate log of all travel expenses incurred in conjunction with his travel to Florida.
With respect to defendant's motion for travel and lodging expenses, defendant's counsel asserts defendant is entitled to costs because counsel's attendance at the depositions was necessary to protect the interest of his client. Rule of Civil Procedure 30(B) provides in pertinent part:
 The court in its discretion where notice is given of the taking of deposition outside the state and at great distances from the place where the case is to be tried, require the party taking depositions to pay the traveling expenses of the opposite party and of his attorney where their attendance is reasonably necessary at the taking of said deposition . . .
In the case at bar, defense counsel's attendance at the depositions in Florida was reasonably necessary to protect the interest of the defendant. Plaintiff is a Florida based corporation. Plaintiff chose to file suit against defendant, a Rhode Island corporation, in Rhode Island. The plaintiff noticed all the depositions that took place in Florida. Defense counsel's attendance at the depositions was reasonably necessary to afford the defendant a proper defense. Thus, defendant is entitled to be reimbursed for the traveling and lodging expenses associated with the depositions noticed in Florida.
Although this court finds defense counsel's trip to Florida reasonably necessary, this court finds that the cost counsel incurred in obtaining these depositions was not reasonable. With respect to the September, 1991 trip, defendant seeks reimbursement for costs associated with travel and lodging for five (5) nights in Florida. Defendant's counsel arrived in Florida on September 17, 1991 and left Florida on September 22, 1991. Counsel lodged at the St. Petersburg Beach Hilton for five (5) nights. The last deposition ended on September 20, yet counsel did not leave Florida until September 22. There is no evidence contained in the record to justify defense counsel's lodging beyond the night of September 20. Therefore, defendant is entitled only to the expenses incurred up to September 20, 1991.
With respect to the January, 1992 trip, defendant seeks to be reimbursed for costs associated with traveling and lodging in Florida for three (3) nights. Defendant arrived in Florida on January 9, 1992 and left on January 12, 1992. On this occasion counsel lodged at the Don CeSar, a Registry Resort, for three (3) nights. There was one day of depositions on January 10, yet counsel did not leave Florida until January 12. Counsel asserts he stayed the extra days because he received a cheaper rate by coming back on Sunday instead of Friday. The record, however, does not contain any evidence to support the defendant's assertions. Since there is no evidence to justify the extra lodging, the defendant is entitled only to expenses incurred up to January 10, 1992.
Moreover, the motion justice directed defendant's counsel to keep an accurate log of all travel expenses associated with his travel to Florida. The defendant, however, itemizes expenses on both the September, 1991 and January, 1992 trip that are not supported by documentation. Therefore, this court in its discretion will grant the defendant only the expenses that were documented.
Finally, defendant seeks reimbursement for various costs including costs associated with the service of witness subpoenas for depositions and costs for obtaining deposition transcripts. The defendant relies upon R.C.P. 54(D), (E), (F) which provides in pertinent part:
 (d) Allowances of Costs. Costs shall be allowed as of course to the prevailing party as provided by statute and by these rules unless the court otherwise specifically directs.
 (e) Taxation of Costs.
 (1) With Notice. Costs may be taxed by the court upon 5 days' notice. A copy of the bill of costs, specifying the items in detail, and a copy of any supporting affidavits shall be served with the notice.
 (f) Costs on Depositions. The taxation of costs in the taking of depositions shall be subject to the discretion of the court. No costs shall be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at the trial. Taxable costs may include the cost of service of subpoena upon the deponent, the reasonable fee of the officer before whom the deposition is taken, the fees and mileage allowances of witnesses, the stenographer's reasonable fee for attendance, and the cost of the transcript of the testimony or such part thereof as the court may fix.
Recovery of costs pursuant to R.C.P. 54 does not depend upon whether the deposition was used at trial; rather, the court must find the taking of the deposition was reasonably necessary. 1 Kent, R.I. Civ. Proc. § 54.5 at 403 (1969). In the case at bar, defendant seeks constable expenses and reimbursement for costs associated with obtaining copies of depositions. The court is satisfied that these expenses were reasonably necessary to afford the defendant a proper defense. Thus, defendant is entitled to reimbursement pursuant to R.C.P. 54.
For the reasons set forth above, this court will reduce the travel and lodging expenses to $1,561.41. This court will accept the constable expenses and cost of deposition transcripts as $2,335.85. As a result, the total sum of costs and expenses owed by plaintiff is $3,897.26. (See attached worksheet.)
Counsel shall prepare the appropriate judgment for entry.
 RECOMMENDED COSTS
I. TRAVEL EXPENSES
A. September 1991
 Claimed Recommended
A.R. Flight 432.00 432.00
Hotel 504.62 401.66 (Less 1 night)
expense)
Rent-A-Car 133.67 133.67
Gas/Tolls 22.00 0 (No documentation)
Parking 32.00 0 (")
Food/Beverage 200.00 0 (")
M.S.C. 0 0 (")
 ________ ______
 1,324.29 967.33
B. January 1992
A.R. Flight 246.00 246.00
Hotel 328.47 213.22 (Less 1 night)
expense)
Rent-A-Car 94.86 94.86
Gas/Tolls 14.00 14.00
Parking 26.00 26.00
Food/Beverage 180.00 0 (No documentation)
M.S.C. 0 0
 ______ ______
 889.33 594.08
TOTAL TRAVEL EXPENSES $2,213.62 $1,561.41 [*]
II.
Constable Expenses 147.50 [*]
Deposition Transcripts 2,188.35 [*]
 ________
 $2,335.85
TOTAL: $3,897.26 [*]